UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>  v.<br><br>SWISSPORT USA, INC., a foreign profit corporation; SWISSPORT FUELING, INC., a foreign profit corporation; SWISSPORT CARGO SERVICES, L.P., a foreign limited partnership; and DOES 1-20, as yet unknown Washington entities,<br><br>          Defendants. | Case No. 2:26-cv-00060<br><br>**NOTICE OF REMOVAL**<br><br><br>*[King County Superior Court Case No. 25-2-37253-7 SEA]* |

**TO: THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Defendants SWISSPORT USA, INC., SWISSPORT FUELING, INC., and SWISSPORT CARGO SERVICES, L.P. ("Defendants"), by and through their attorneys, hereby remove the above-captioned action, currently pending in the Superior Court of King County, Washington, to the United States District Court for the Western District of Washington. Removal is based on 28 U.S.C. §§ 1332, 1441, 1446 and 1453. As grounds for removal, Defendants state as follows:

///

///

NOTICE OF REMOVAL - 1
CASE NO. 2:26-cv-00060

## BACKGROUND

1.     Plaintiff Shannon Spencer ("Plaintiff") commenced this action on or about December 10, 2025, by filing a Class Action Complaint with the Clerk of the Superior Court of King County, Washington (the "State Court Action"). The State Court Action has been assigned Case No. 25-2-37253-7 SEA.  A true and correct copy of Plaintiff's Complaint is attached hereto.

## STATUTORY REQUIREMENTS

2.     Plaintiff purports to bring this action as a putative class action. *See generally* Compl.  Plaintiff seeks to represent the following putative class:

> All individuals who applied for a job opening in Washington with Swissport USA, Inc.; Swissport Fueling, Inc.; or Swissport Cargo Services, L.P. where the job posting did not disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant from January 1, 2023, through July 26, 2025.

*Id.* at ¶ 42.

3.     Plaintiff asserts one claim against all Defendants for purported violations of RCW 49.58.110. *Id.* at ¶¶ 50–56. Specifically, Plaintiff alleges that "Plaintiff and more than 40 Class members applied to job openings with Defendants for positions located in Washington where the postings did not disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant." *Id.* at ¶ 24.

4.     <u>Amount in Controversy</u>.  Plaintiff seeks $5,000 in statutory damages for each putative class member. *Id.* at ¶ 41. Plaintiff also seeks reasonable attorneys' fees and costs. *Id.*

## GROUNDS FOR REMOVAL

5.     Defendants remove this matter based on 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, and specifically the Class Action Fairness Act of 2005 ("CAFA").

**A.  CAFA Jurisdiction**

6.     Under CAFA, a defendant may remove a putative class action if: (1) there are at least 100 putative class members; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) there is minimal diversity of citizenship. *See* 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)(B).

NOTICE OF REMOVAL - 2
CASE NO. 2:26-cv-00060

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

7.	Defendants deny Plaintiff's factual allegations and further deny that Plaintiff, or the class Plaintiff purports to represent, are entitled to the requested damages. Defendants oppose class certification and the merits of Plaintiff's claim. However, solely for removal purposes, Plaintiff's allegations establish CAFA jurisdiction.

### i.	The Proposed Class Contains at Least 100 Members

8.	Plaintiff seeks to represent a class of all individuals who applied to a job posting in Washington with any of the Defendants that did not disclose the wage scale or salary range or a general description of all benefits and other compensation offered to the hired applicant between January 1, 2023, and July 26, 2025.  Compl., at ¶ 42.

9.	At least 1,001 individuals applied for a job opening in Washington with Swissport USA, Inc., Swissport Fueling, Inc., or Swissport Cargo Services, L.P., between January 1, 2023, and July 26, 2025.  Declaration of Eric Staples in Support of Notice of Removal ("Staples Decl.") at ¶ 5. CAFA's requirement to establish more than 100 putative class members is therefore satisfied.

### ii.	The Aggregate Amount in Controversy Exceeds $5 Million

10.	To remove under CAFA, a removing party may aggregate the claims of the putative class to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The removing party bears the burden to establish the amount in controversy; there is no presumption against removal for cases removed under CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("[T]he defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.").

11.	To establish the damages threshold, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574

NOTICE OF REMOVAL - 3
CASE NO. 2:26-cv-00060

U.S. at 89. "[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1197). Furthermore, "the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Id.*

12.     Here, Plaintiff's sole cause of action alleges that Defendants purportedly "engaged in a common course of conduct of failing to disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant in the postings to which Plaintiff and Class members applied." Compl., at ¶ 39. "Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs," pursuant to chapter 49.58 RCW. *Id.* at ¶ 41.

13.     From January 1, 2023, to July 26, 2025, at least 1,001 individuals applied for a job opening in Washington with Swissport USA, Inc., Swissport Fueling, Inc., or Swissport Cargo Services, L.P. *See* Staples Decl. at ¶ 5. Accordingly, Plaintiff puts at least $5,005,000 in controversy (1,001 x $5,000 = $5,005,000).

14.     In addition to seeking statutory damages, "Plaintiff and Class members also seek to recover their costs and reasonable attorneys' fees." *Id.* at ¶ 56.  "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922. The Ninth Circuit held that a 25 percent recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 784 (9th Cir. 2022); *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 457 (9th Cir. 2009); *Morden v. T-Mobile USA, Inc.*, No. C05-2112RAJ, 2008 WL 11506696, at *1 (W.D. Wash. Apr. 16, 2008) ("The Ninth Circuit has established 25 percent of the fund as a benchmark for a reasonable attorney fee award."). While this 25% benchmark is not a *per se* rule, "many courts in the Circuit have accepted 25 percent estimates as reasonable" for purposes of removal. *Leander v. Accent Controls, Inc.*, No. 24-CV-01821-GPC-SBC, 2025 WL 301294, at *8 (S.D. Cal. Jan. 27, 2025) (collecting cases); *see also Aaland v. Albertsons Companies Inc., et al.*, No. 2:25-CV-00637-MLP, Dkt. No. 25 at *8 (W.D.

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Wash. June 20, 2025) ("Accordingly, the Court accepts this [25] percentage as a reasonable estimate for calculating the amount in controversy.").

15. Plaintiff's request for attorneys' fees, therefore, places an additional $1,251,250 in controversy (25% of $5,005,000 = $1,251,250). *See* Compl. at ¶ 56.

16. Overall, Plaintiff places more than $6,256,250 in controversy, and Defendants satisfy CAFA's amount-in-controversy requirement.

### iii. There is Minimal Diversity

17. CAFA requires the removing party to show that one putative class member is a citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2)(A); *see also United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that CAFA broadens diversity jurisdiction for class actions by requiring only minimal diversity).

18. Defendants' CAFA Citizenship. Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Likewise, a corporation is a citizen in the states of its incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1). An entity's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

19. Defendant Swissport USA, Inc. is a Delaware corporation, with its principal place of business in North Carolina. *See* Defendants' Corporate Disclosure and Diversity Statement, at ¶ 1. Swissport USA, Inc.'s headquarters is in Raleigh, North Carolina where the majority of its executive, administrative, financial, and management functions are conducted. *Id.* Therefore, Swissport USA, Inc. is a citizen of Delaware and North Carolina. *Id.*

20. Defendant Swissport Fueling, Inc. is a Delaware corporation with its principal place of business in North Carolina. *See id.* at ¶ 2. Swissport Fueling, Inc.'s headquarters is in Raleigh, North Carolina, where the majority of its executive, administrative, financial, and management

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

functions are conducted. *Id.* Therefore, Swissport Fueling, Inc. is a citizen of Delaware and North Carolina. *Id.*

21.    Swissport Cargo Services, L.P., is a California limited partnership with its principal place of business in North Carolina. *See id.* at ¶ 3. Swissport Cargo Services, L.P.'s headquarters in Raleigh, North Carolina is where the majority of its executive, administrative, financial, and management functions are conducted. *Id.* Therefore, Swissport Cargo Services, L.P. is a citizen of California and North Carolina. *See* 28 U.S.C. § 1332(d)(10); *see also Jing Gao v. Blue Ridge Landfill TX, L.P.*, 783 F. App'x 409, 410 (5th Cir. 2019) ("Blue Ridge is a limited partnership, which means that it is 'a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'" (quoting 28 U.S.C. § 1332(d)(10))).

22.    <u>Diverse Citizenship of a Putative Class Member</u>. A person's citizenship is determined by their domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home where they intend to remain or return. *See id*. "The place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have been changed." *Anderson v. Watts*, 138 U.S. 694, 706 (1891).

23.    Plaintiff alleges that he is a resident of Washington. *See* Compl., at ¶ 16 ("Plaintiff Shannon Spencer resides in Skagit County, Washington[.]"). When he applied for a position with Swissport USA, Inc., Plaintiff represented that he resided in Skagit County, Washington. *See* Staples Decl., at ¶ 3.

24.    Defendants are informed and believe that Plaintiff is a resident and citizen of Washington within the meaning of 28 U.S.C. § 1332(a). *See id*.; *see also*, *e.g.*, *Banga v. Equifax Info. Servs. LLC*, No. 14-cv-03038-WHO, 2014 WL 4954677, at *2 (N.D. Cal. Oct. 2, 2014) ("The notice of removal's allegation that [plaintiff] resides in California, combined with [plaintiff's] own assertions that she is a California resident and that diversity of citizenship exists between the parties, is sufficient to show that [plaintiff] is domiciled in California."); *Bey v. SolarWorld Indus.*

NOTICE OF REMOVAL - 6
CASE NO. 2:26-cv-00060

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

*Am.*, Inc., 904 F. Supp. 2d 1103, 1105 (D. Or. 2012) (explaining that residential address provided by employee to employer is prima facie evidence of citizenship).

25. Therefore, at least one member of the putative class—the named Plaintiff—is a citizen of a different state from one of the named Defendants. As a result, minimal diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

26. The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1).

## PROCEDURAL REQUIREMENTS

27. <u>Removal to this Court is Proper.</u>  Pursuant to 28 U.S.C. §§ 1441(a)–(b) and 1446(a) and 1453, Defendants file this Notice of Removal in the United States District Court for the Western District of Washington, which is the federal district court embracing the state court where Plaintiff has brought the State Court Action — King County, Washington.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 128(b), and LCR 3(e)(1).  Certain class members' claims are governed by an arbitration agreement, which will be addressed with the Court in another motion.  Defendants do not waive, and expressly reserve, their right to move to compel arbitration as to class members who were hired by Swissport and agreed to arbitrate claims such as this one.

28. <u>Removal is Timely</u>.  Defendants received service of the Complaint on December 18, 2025 via their registered agent. *See* Staples Decl. at ¶ 6. Receipt of the Complaint on this date constitutes the first notice of the State Court Action or of federal jurisdiction over the State Court Action for Defendants. *Id.* Defendants have filed this Notice within 30 days after receipt of the Complaint in the State Court Action, and as such, removal is timely. *See* 28 U.S.C. § 1446(b)(1). Excluding the fictitious "Doe" defendants, all Defendants consent to removal.

29. <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

30. <u>Pleadings and Process</u>.  True and correct copies of the pleadings on file in the State Court Action, including a current docket sheet, are attached to the Declaration of Priya B. Vivian

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

("Vivian Decl."), Ex. A. *See* 28 U.S.C. § 1446(a). Defendants paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

31.    No Waiver. By seeking removal, Defendants do not waive, and expressly reserve all rights, defenses, or objections of any nature that it may have to Plaintiff's claims. Specifically, Defendants do not waive any of their affirmative defenses as to sufficiency of process, sufficiency of service and/or of process, jurisdiction, venue, right to arbitration, failure to state a claim, failure to join a party, or any other affirmative defense in this matter.

32.    Notice. Defendants will promptly serve Plaintiff and file with this Court the Notice of Removal to All Adverse Parties, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. §§ 1446(a), (d). Defendants will also promptly file with the Clerk of the Superior Court of Washington, County of King, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

33.    Documents to Be Filed with Notice of Removal. Pursuant to Local Civil Rule 101(b), the following documents are filed contemporaneously with this Notice of Removal: (1) a copy of the operative complaint; (2) a certificate of service listing all counsel and pro se parties who have appeared in the action, including contact information; and (3) a completed civil cover sheet (AO44). Plaintiff has not made a jury demand.

///

///

///

///

///

///

///

///

///

///

NOTICE OF REMOVAL - 8
CASE NO. 2:26-cv-00060

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

WHEREFORE, this action should proceed in the United States District Court for the Western District of Washington, as an action properly removed thereto.

DATED: January 7, 2026

BALLARD SPAHR LLP


By  /s/ Erin M. Wilson
    Erin M. Wilson, WSBA No. 42454


By  /s/ Priya B. Vivian
    Priya B. Vivian, WSBA No. 51802


By  /s/ Joseph Q. Ridgeway
    Joseph Q. Ridgeway, WSBA No. 53438

1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email:    wilsonem@ballardspahr.com
            vivianp@ballardspahr.com
            ridgewayj@ballardspahr.com

*Attorneys for Defendants Swissport USA, Inc., Swissport Fueling, Inc., and Swissport Cargo Services, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.  I hereby certify that the following document was sent to the following CM/ECF participant:

| | | |
|---|---|---|
| Timothy W. Emery, WSBA No. 34078 | ☒ | ECF Notice |
| Patrick B. Reddy, WSBA No. 34092 | ☐ | by U.S. Mail |
| Paul Cipriani, WSBA No. 59991 | ☐ | by Electronic Mail |
| Hannah M. Hamley, WSBA No. 59020 | ☐ | by Electronic Mail pursuant to e-service agreement |
| EMERY REDDY, PC | | |
| 600 Stewart Street, Suite 1100 | ☐ | by Overnight Delivery |
| Seattle, WA 98101 | ☐ | by Hand Delivery |

Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com
***Attorneys for Plaintiff***

Erin M. Wilson, WSBA No. 42454
Priya B. Vivian, WSBA No. 51802
Joseph Q. Ridgeway, WSBA No. 53438
BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email: wilsonem@ballardspahr.com
Email: vivianp@ballardspahr.com
Email: ridgewayj@ballardspahr.com
***Attorneys for Defendants***

DATED this 7th day of January 2026.

*s/ Shanynn Foster*
Shanynn Foster, Legal Assistant

NOTICE OF REMOVAL - 10
CASE NO. 2:26-cv-00060

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107