# Notice of Removal Attachment - Complaint

FILED
2025 DEC 10 02:18 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-37253-7 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SWISSPORT USA, INC., a foreign profit corporation; SWISSPORT FUELING, INC., a foreign profit corporation; SWISSPORT CARGO SERVICES, L.P., a foreign limited partnership; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT FOR DISCRIMINATION** |

Plaintiff Shannon Spencer ("Plaintiff"), individually and on behalf of all others similarly situated ("Class"), brings this action against Defendants Swissport USA, Inc.; Swissport Fueling, Inc.; and Swissport Cargo Services, L.P. (collectively, "Defendants" or "Swissport") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigation, and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE EPOA

1. This is a class action lawsuit to remedy Defendants' ongoing violation of Plaintiff and Class members' civil rights.

2. Beginning January 1, 2023, employers with 15 or more employees must disclose,



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

in each posting for each job opening, the wage scale or salary range and a general description of all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110(1).

3. Effective July 27, 2025, the Legislature amended RCW 49.58.110, affording employers the opportunity to correct violations arising out of "any postings from July 27, 2025, through July 27, 2027." RCW 49.58.110(1)(b).

4. For such claims, the Legislature also incorporated a modified private right of action, replacing the remedy available to prior job applicants under RCW 49.58.070. *Compare* RCW 49.58.110(4) (2022), *with* RCW 49.58.110(6) (2025).

5. The Washington Legislature finds that "despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among workers in Washington." RCW 49.58.005(1). The Legislature further finds that "[l]ower starting salaries translate into lower pay, less family income, and more children and families in poverty." RCW 49.58.005(3)(c).

6. This lawsuit follows important, recent research that revealed pervasive pay disparity in Washington with respect to both women and other protected classes. In particular, the study found that women are paid 78 cents for every dollar paid to men—a decline from 80 cents to the dollar a decade ago. *See* Alison Saldanha, *Seattle's pay gap between women and men just won't stop growing*, SEATTLE TIMES (Mar. 8, 2024), https://www.seattletimes.com/business/seattle-hits-rock-bottom-in-terms-of-the-pay-gap-between-women-and-men/.

7. "Some folks do not have the networks or ability to negotiate salaries. Salaries vary wildly in companies within the same industry and applicants do not have the ability to know what the value of the position is." Engrossed Substitute S.B. 5761 House Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, "allows a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." *Id.* Additionally, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Leg., Reg. Sess. (Wash. 2022). The EPOA makes Washington "more competitive" for job seekers. *Id.*

8. "[P]ay range disclosures function primarily to correct information asymmetry: they give applicants access to key information that only the employer may know. This information is essential to help job candidates, particularly females and candidates in other protected classes, to achieve equal pay when faced with negotiating a starting salary. Pay range disclosures also stand to help current employees discover if they are being underpaid, either to ask for more or equitable compensation or, if the employee suspects discrimination, to initiate an enforcement action." Stephanie Bornstein, *The Enforcement Value of Disclosure*, 72 DUKE L.J. 1771, 1789 (2023).

9. "[T]he duty to disclose a pay range and to do so publicly goes further, serving other important purposes of a disclosure scheme. It may induce behavior-forcing effects by requiring an employer to identify the pay received by other employees currently in the position and set new employee pay comparably. The goal is that the employer will create pay uniformity based on the position itself rather than the person holding the position." *Id.* at 1790.

10. "That pay range postings are public creates additional pressure on employers to provide accurate and fair salary ranges that will attract the best job applicants. And setting pay in a range to which an employer has publicly pre-committed may likely limit the role that even unconscious gender and racial biases play in pay setting." *Id.*

11. On January 1, 2021, Colorado enacted a similar pay transparency law that requires online job postings to include information about the expected salary of the position. "One early study of the Colorado pay range posting law showed that, among firms that complied, posted job salaries increased by 3.6 percent." *Id.* (citing David Arnold, Simon Quach & Bledi Taska, *The Impact of Pay Transparency in Job Postings on the Labor Market* 2 (Aug. 17, 2022) (unpublished manuscript) [https://perma.cc/KBQ5-L9U2].

12. This is a class action on behalf of individuals who applied to job openings with Defendants where the postings did not comply with mandatory pay disclosures in violation of



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

RCW 49.58.110.

13. Plaintiff and Class members seek injunctive relief to address Defendants' continued violations of RCW 49.58.110 and statutory damages as permitted by chapter 49.58 RCW.

## II. JURISDICTION AND VENUE

14. This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

15. Venue is proper in this Court pursuant to RCW 4.12.020 because the acts and omissions alleged took place, in whole or in part, in King County, Washington and pursuant to RCW 4.12.025 because Defendants transact business in King County, Washington.

## III. PARTIES

16. Plaintiff Shannon Spencer resides in Skagit County, Washington and applied for a position with Defendants in Washington.

17. Defendant Swissport USA, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has an office for the transaction of business in King County, Washington at 2460 South 161st Street, SeaTac, Washington 98158.

18. Defendant Swissport Fueling, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has an office for the transaction of business in King County, Washington at 2350 South 190th Street, Seattle, Washington 98188.

19. Defendant Swissport Cargo Services, L.P. is a foreign limited partnership that regularly transacts business in King County, Washington and has an office for the transaction of business in King County, Washington at 2460 South 161st Street, SeaTac, Washington 98158.

20. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

herein, and for the damages suffered by Plaintiff and the Class.

## IV. STATEMENT OF FACTS

21. Effective January 1, 2023, all Washington employers with 15 or more employees are required to disclose, in each posting for each job opening, the wage scale or salary range and a general description of all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110.

22. For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1).

23. Defendants employ more than 15 individuals.

24. From January 1, 2023, through July 26, 2025, Plaintiff and more than 40 Class members applied to job openings with Defendants for positions located in Washington where the postings did not disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant.

25. Despite RCW 49.58.110 becoming effective January 1, 2023, Defendants continued to withhold the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant in some, if not all, postings for Washington-based positions.

26. Defendants' refusal to disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant in postings is a violation of Plaintiff and Class members' civil rights, as specifically defined by RCW 49.58.110.

27. On or about January 20, 2025 Plaintiff applied for a job opening in Washington with Defendants.

28. A true and correct copy of Defendants' posting that Plaintiff applied to is attached hereto as Exhibit 1.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

29. The posting for the job opening Plaintiff applied to did not disclose the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant.

30. In working through the application, Plaintiff expected that at some point he would learn the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant.

31. However, Defendants withheld the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant in the posting and throughout the application process.

32. As a result of Defendants' refusal to disclose the wage scale or salary range to be offered to the hired applicant in the posting, Plaintiff was unable to determine the pay for the position.

33. As a result of Defendants' refusal to disclose the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant in the posting, Plaintiff was unable to evaluate the pay and benefits for the position and compare it to other available positions in the marketplace, which has negatively impacted Plaintiff's current and lifetime wages.

34. As a result of Defendants' refusal to disclose the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant in the posting, Plaintiff's ability to negotiate pay remains adversely affected.

35. Plaintiff lost valuable time applying to a position for which the posting did not disclose the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant.

36. As noted by the Legislature, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022).

37. Plaintiff has experienced economic and non-economic harm as a direct result of



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Defendants' discriminatory hiring practices, their violation of RCW 49.58.110, and their contribution to wage inequality as a result of their refusal to disclose in postings the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant.

38. Plaintiff and Class members are victims of Defendants' discriminatory hiring practices, which are specifically prohibited by RCW 49.58.110.

39. Defendants engaged in a common course of conduct of failing to disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant in the postings to which Plaintiff and Class members applied.

40. As a result of Defendants' systemic violations of RCW 49.58.110, and the EPOA generally, Class members have experienced harm identical to that experienced by Plaintiff.

41. Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

## V. CLASS ACTION ALLEGATIONS

42. Class Definition. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Class defined as follows ("Class"):

> All individuals who applied for a job opening in Washington with Swissport USA, Inc.; Swissport Fueling, Inc.; or Swissport Cargo Services, L.P. where the job posting did not disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant from January 1, 2023, through July 26, 2025.

43. Excluded from the Class are Defendants and their officers and directors.

44. Numerosity. There are potentially dozens of Class members who applied for jobs with Defendants within the time period relevant to this matter. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

45. Commonality. Because Class members applied for job openings that did not disclose the wage scale or salary range or a general description of all of the benefits and other



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

compensation to be offered to the hired applicant, this is a straightforward matter of determining whether Defendants' actions violate Washington law, and, if so, assessing statutory damages.

46. Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members applied for job openings with Defendants that did not disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant.

47. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.

48. Predominance. Defendants have engaged in a common course of conduct of failing to disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant in job postings in violation of RCW 49.58.110. The common issues arising from Defendants' unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

49. Superiority. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The members of the Class and the job postings to which they applied are readily identifiable through Defendants' own records.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## VI. CAUSE OF ACTION

**FIRST CAUSE OF ACTION**
**VIOLATION OF RCW 49.58.110**
***Claim of Relief for Plaintiff and the Class***

50. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

51. As described more fully above, Defendants did not disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant in job postings seeking workers for their Washington locations.

52. From January 1, 2023, through July 26, 2025, Plaintiff and Class members applied for job openings with Defendants where the job postings did not disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant.

53. Defendants' actions and omissions violate RCW 49.58.110.

54. As a result of Defendants' actions and omissions, Plaintiff and Class members have experienced economic and non-economic harm.

55. Plaintiff and Class members seek statutory damages pursuant to chapter 49.58 RCW.

56. Plaintiff and Class members also seek to recover their costs and reasonable attorneys' fees.

## VII. REQUEST FOR RELIEF

57. Plaintiff, individually and on behalf of members of the Class, requests that the Court enter judgment against Defendants as follows:

a. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

b. Statutory damages of $5,000 to Plaintiff and each Class member pursuant to chapter 49.58 RCW;

c. Attorneys' fees and costs pursuant to chapter 49.58 RCW;



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

d. Pre- and post-judgment interest;

e. Declaratory relief to the effect that Defendants' failure to disclose in each posting for each Washington job opening the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant violates Washington law;

f. Leave to amend this complaint to conform to the evidence; and

g. Any additional or further relief which the Court deems equitable, appropriate, or just.

DATED December 10, 2025.

**EMERY | REDDY, PC**

By: */s/ Timothy W. Emery*

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery | Reddy, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff*

# EXHIBIT 1

Station Manager - Ground Han × Login | General Data Protectio ×

careers.swissport.com/jobs/4521?lang=en-us&previousLocale=en-US

Candidate Dashboard English

swissport Careers Locations Open positions

← Back

# Station Manager - Ground Handling

**Locations:** Seattle, Washington

**Category:** Operations

**Sub-Category:** Operations Generalists

**Position Type:** Permanent Full-Time

**Work Location Type:** On-Site

**Req ID:** 4521

Apply

Refer

## Job Description

Overview

swissport

**ABOUT US**

In 2023, Swissport International AG provided best-in-class airport ground services for some 232 million airline passengers (2022: 186 million) and handled roughly 4.7 million tons of air freight (2022: 4.8 million) at 115 air cargo centers worldwide. Several of its warehouses have been certified for pharmaceutical logistics by IATA's CEIV Pharma and by the British MHRA. At the end of December 2023, the world's leader in airport ground services and air cargo handling, with currently around 60,000 employees, was active at 286 airports in 44 countries on six continents.

**JOB SUMMARY**

Station Manager is responsible for overall station performance, combining cross-business line know-how, leadership skills, commercial acumen and the ability to coordinate the support functions that enable your station to perform. The outcome of your efforts should be a smooth operation that achieves defined productivity levels.

Station Manager - Ground Han | Login | General Data Protectio

careers.swissport.com/jobs/4521?lang=en-us&previousLocale=en-US

Candidate Dashboard | English

swissport Careers | Locations | Open positions

levels.

You are the highest local escalation point for customers and other local stakeholders for operational issues. At the same time, you will maintain a longer term, strategic perspective on station performance and needs. You are the first touchpoint for Country MDs, cluster heads, and global / cluster support functions on station-related questions.

Apply

Refer

**MAIN RESPONSIBILITIES**

*Operational Responsibility*

- Accountable for all aspects of operational execution at the station level, with a good understanding across all business lines (Ground Handling, Fueling and Cargo)
- Ensures station operational and financial performance as measured by the relevant KPIs is in line with or exceeds cluster / sub-cluster strategy and objectives
- Accountable for safety in the station; embed QHSE culture in operations in alignment with Cluster, enforces QHSE inspections and audits as required, lead and facilitate investigations, put in place corrective measures
- Implements policies, procedures, and standards from Group / Region, including QHSE, Training and GSE and ensures compliance; identify opportunities for ops. efficiency & process improvement
- Maintains a wider time horizon lens (12 – 18 months) on station strategy and provides input on budget or forecasting processes

*Leadership Responsibility*

- Ensures frontline leadership is effective and capable to perform all responsibilities at their level
- Ensures retention of key talent in the organization
- Responsible for articulating and approving recruitment & training needs in collaboration of Rostering Support, Planning CoE and Training academy
- Serve as direct line manager for BLLs
- Responsible for active Labour Relation management at station level in coordination with HR BP

*Commercial Responsibility*

- Builds and maintains customer relationships at the local level, as well as with local stakeholders such as airports, proactively managing questions or complaints
- Meet with customers on a regular basis to get feedback and monitor satisfaction levels
- Focuses on continuous improvement of quality / productivity and customer retention
- Has an entrepreneurial mindset in scoping for future opportunities at the station in coordination with Cluster Commercial
- Possesses good financial understanding of the P&L; Monitors and analyzes the P&L statements for any variances and take appropriate action
- Provide inputs around local complexities for RFPs

Station Manager - Ground Han | Login | General Data Protectio
careers.swissport.com/jobs/4521?lang=en-us&previousLocale=en-US
Candidate Dashboard English
swissport Careers Locations Open positions

- Provide inputs around local complexities for RFPs

*Support Functions Responsibility*

- With support from Business Line Leads and Duty Managers, refines and signs off on centrally provided resource plans based on latest customer schedules, changes in employee availability, or other related events, in order to ensure ability to meet operational targets
- Manage contracted services providers (security, cleaning, porters, staff transport, drivers) to ensure that Swissport standards are upheld and that performance is in line with Standard Level Agreements
- Closely engage with all CoE functions to ensure support services are provided to the station
- Support preparation of country-level regulatory and financial reporting where required together with the country finance team (especially for Country HQs)

Apply
Refer

**KEY PERFORMANCE INDICATORS**

- Revenue
- EBITDA
- Safety Performance
- NPS Scores
- HR Metrics
- Quality targets as set by Swissport and/or as agreed with customers
- Other KPI as defined by the business unit

**QUALIFICATIONS AND COMPETENCIES**

- University degree or equivalent, advanced degree in related field or professional certifications are advantageous
- Excellent working knowledge of business management principles and practices, financial concepts, and key drivers of profitability and operational performance.
- 5 years' experience with P&L responsibility, preferably in the Aviation Industry
- Fluent spoken and written English
- Strong strategic skills and commercial acumen combined with the ability to motivate teams to deliver high quality standards
- Ability to establish and maintain positive, professional, internal and external work relationships with all stakeholders and interest groups
- Team focused management style that fits into a fast-paced, entrepreneurial environment
- Strong oral and written communications and ability to communicate and motivate at all levels
- A sense of urgency and a passion for improving the delivery of services with a commitment to continuous improvement
- Personal and professional integrity of the highest order

Station Manager - Ground Han ✕ | Login | General Data Protection ✕ | +

careers.swissport.com/jobs/4521?lang=en-us&previousLocale=en-US

Candidate Dashboard English

swissport Careers Locations Open positions

- Personal and professional integrity of the highest order

Apply

Refer

**Travel:**

- Able to travel up to 15% to support job responsibilities.

**Physical Demands**

The physical demands described here are representative of those that must be met by an employee to successfully perform the essential functions of this job. Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions.

While performing the duties of this job, the employee is regularly required to sit and talk or hear. The employee is occasionally required to stand; walk; use hands to finger, handle, or feel; reach with hands and arms; and stoop, kneel, crouch, or crawl. The employee must regularly lift and/or move up to 100 pounds and occasionally lift and/or move up to 50 pounds. Specific vision abilities required by this job include close vision, distance vision, color vision, and ability to adjust focus.

**Equal Employment Opportunity Statement**

*Swissport as an equal opportunity employer bases its hiring decisions on the business need and the best qualified candidates available and does not discriminate in its employment decisions on the basis of any protected category. Candidates who are offered employment may be subject to a criminal record and other background checks as permitted or required by company policy or applicable law.*

**We make it happen.**
From landing to take-off.

Career Areas

Air Cargo Handling
Ramp Handling
Passenger Services
Lounge Hospitality
Fueling
Management
Corporate/Support Functions

https://enjobs-swissportglobal.icims.com/jobs/4521/login