The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON SPENCER,

     Plaintiff,

v.

SWISSPORT USA, INC., *et al.*,

     Defendants.

NO. 26-cv-60-BJR

**ORDER GRANTING REMAND**

## I.    INTRODUCTION

Plaintiff, Shannon Spencer, originally filed this case in King County Superior Court alleging that Defendants, Swissport USA, Inc., Swissport Fueling, Inc., and Swissport Cargo Services, L.P. (collectively, "Swissport"), had violated a specific pay transparency provision of Washington State's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position.[1] Swissport removed the case to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 1453. *See* Notice

---

[1] A detailed statutory background may be found in this Court's decisions in related cases. *See, e.g.*, *Floyd v. Insight Global LLC, et al.*, 23-CV-1680-BJR, 2024 WL 2133370, at *1-2 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-BJR, 2024 WL 2133358, at *1-2 (W.D. Wash. May 10, 2024).

ORDER GRANTING REMAND

- 1

of Removal, ECF No. 1. Now pending before the Court is Plaintiff's Motion to Remand, ECF No. 15.[2] Having reviewed the materials[3] and the relevant legal authorities, the Court will GRANT the motion. The reasoning for the Court's decision follows.

## II.    BACKGROUND

On January 20, 2025, Shannon Spencer applied for a job opening as a Station Manager – Ground Handling with Swissport in Seattle, Washington. Compl. ¶¶ 16, 24, 27-28, Ex. 1,[4] ECF No. 1-1. He alleges that the posting for the job opening did not disclose the wage scale or salary range to be offered. *Id.* ¶¶ 24-25, 29-31; Ex. 1. He further alleges that he "lost valuable time applying to a position" and suffered "harm" as a direct result of the inability to evaluate the pay for the position. *Id.* ¶¶ 35, 37. Mr. Spencer also claims to represent "more than 40" potential class members who also applied for jobs with Swissport for positions that did not disclose the wage scale or salary range. *Id.* ¶¶ 24, 42. Mr. Spencer's complaint was virtually identical to numerous other putative class-action lawsuits filed by multiple plaintiffs (including prior complaints filed by Mr. Spencer), and subsequently removed to this Court by the defendants. Mr. Spencer filed the pending motion seeking remand back to state court, asserting that this Court lacks subject matter jurisdiction because he lacks Article III standing to proceed in federal court. Mot. Remand 1-2 (referring to "over *thirty* virtually identical matters" in which this Court has ruled that plaintiffs lacked Article

---

[2] Also pending is Defendants' Motion to Strike Class Allegations, ECF No. 12, which is not yet ripe for decision. The Court granted the Plaintiff's unopposed request to stay the briefing deadlines until this remand motion is resolved. ECF Nos. 16, 17.

[3] Including the motion, ECF No. 15; Swissport's response in opposition, ECF No. 18; and Plaintiff's reply, ECF No. 20; together with attached exhibits, the Complaint, ECF No. 1-1, and the record of the case to date.

[4] The Court notes that the exhibit shows a job posting on careers.swissport.com, although it is not evident that Mr. Spencer applied for the job. *See* Compl. Ex.1.

ORDER GRANTING REMAND

- 2

III standing). He also argues, in the alternative, that remand is required because Swissport has not established CAFA jurisdiction. *Id.* at 2, 12-13.

### III.   LEGAL STANDARD

A defendant may remove to federal court any case filed in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). "The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (citing *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir.2006)); *see also Love v. Villacana*, 73 F.4th 751, 755 (9th Cir. 2023) ("[A] removing defendant must allege facts in the notice of removal supporting the existence of subject-matter jurisdiction and Article III standing.").

Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.3d at 566); *but see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA."). If at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

### IV.   DISCUSSION

Mr. Spencer requests that this matter be remanded for lack of Article III standing and subject matter jurisdiction. Mot. 1, 2 (citing similar cases that have been remanded). "Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or

ORDER GRANTING REMAND

- 3

'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). In the context of a class action, the class representatives must have standing. *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974))); s*ee also Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue."). Whether plaintiffs have Article III standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is jurisdictional).

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ((citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

As Mr. Spencer argues, this Court has found in similar— virtually identically pleaded— cases, that the plaintiffs failed to allege that they applied for the posted positions in good faith with a genuine interest in employment with the employer. *See, e.g.*, *Floyd v. Insight Global, LLC*, No. 2:23-cv-01680-BJR (W.D. Wash.); *Atkinson v. Aaron's, LLC*, No. 2:23-cv-01742-BJR (W.D.

ORDER GRANTING REMAND

- 4

Wash.); *David v. Herc Rentals Inc.*, No. 2:24-cv-00175-BJR (W.D. Wash.). At issue in those cases, as here, is the "[f]irst and foremost" of standing's three requirements—"a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (citations omitted).

To establish an injury in fact, plaintiffs must show that they suffered "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560 (citations omitted). Injury is particularized if it affects a plaintiff "in a personal and individual way." *Id.* at 560 n.1. And it is concrete if it "actually exist[s]," meaning that it is "real, and not abstract." *Spokeo, Inc. v. Robins (Spokeo I)*, 578 U.S. 330, 340 (2016) *as revised* (May 24, 2016) (citations omitted). Importantly, "Article III standing requires a concrete injury *even in the context of a statutory violation*." *Id.* at 341 (emphasis added). A plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* "[T]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo I*, 578 U.S. at 341). To establish a concrete injury, "the plaintiff must allege a statutory violation that caused him to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Id.* (quoting *Spokeo I*, 578 U.S. at 340).

Intangible injuries, such as the omission of statutorily required information, "can nevertheless be concrete." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021) (quoting *Spokeo I*, 578 U.S. at 340). "[A]n *intangible* injury may be concrete if it presents a material risk of *tangible* harm or 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' like common law torts or certain

ORDER GRANTING REMAND

- 5

constitutional violations." *Phillips v. United States Customs & Border Prot.*, 74 F.4th 986, 991 (9th Cir. 2023) (quoting *Spokeo I*, 578 U.S. at 340-41). To determine whether the violation of a statute constitutes a concrete harm, the Ninth Circuit engages in a two-part inquiry. *Magadia*, 999 F.3d at 679. First, a court considers "whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights)." *Id.* (citation omitted). The court then assesses "whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.*

In *Floyd* and *Atkinson*, referred to above, this Court further reviewed various cases that analyzed statutory violations in the context of Article III standing and concluded that the statutory violation at issue here is distinctly different from those cases that relate to privacy interests or where misleading information creates a risk of harm. *See* 2:23-cv-01680-BJR; No. 2:23-cv-01742-BJR. The Court found that in cases such as these, there is no obvious analogue in the history of American courts and plaintiffs must allege some personal harm. *Id.* Indeed, in *Magadia*, the Ninth Circuit Court confirmed that the "'procedural violation of an informational entitlement does not by itself suffice to keep a claim in federal court.' The plaintiff must further allege 'at least that the information had some relevance to *her*.'" 999 F.3d at 679-80 (quoting *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 493 (6th Cir. 2019)). This Court concluded that a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a bona fide applicant before there is a risk of harm. Plaintiffs must allege, at minimum, that they applied for the job with good-faith intent, and as such became personally exposed to the risk of harm caused by the violation.

ORDER GRANTING REMAND

- 6

Swissport argues that Mr. Spencer alleged actual harm by pleading that the inability to evaluate the pay and benefits for the position "negatively impacted [his] current and lifetime wages," he "lost valuable time," experienced economic and non-economic harm, and is a victim of discriminatory hiring practices. Opp'n 5 (quoting Compl. ¶¶ 32-38). Swissport contends that these allegations are sufficient for Article III standing. *Id.* at 6. The Court disagrees. The EPOA's increased transparency requirement was designed to avoid harm to those who "spend hours going through rounds of interviews only to find out they can't live on the offered pay." S.B. Rep. ESSB 5761, at 3. The EPOA's legislative history "confirms that the EPOA's procedural requirement of disclosure was established to protect applicants by arming them with sufficient information to ensure fair and equitable pay negotiations, and to avoid wasting time interviewing for positions whose pay would never be adequate." *Hill v. ACV Auctions Inc.*, No. C25-616 MJP, 2025 WL 1582249, at *3 (W.D. Wash. June 4, 2025). As this Court has stated before, a nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof. Mr. Spencer alleges only that he lost time applying for the job,[5] but, as he reminds the Court, he did *not* allege that he "was a bona-fide applicant, engaged in any pay negotiations or was offered an interview with Swissport." Reply 4. Mr. Spencer's conclusory allegations in his complaint are insufficient to allege Article III standing. *See Lujan*, 497 U.S. at 888 (holding that neither conclusory allegations nor conclusory affirmations are sufficient to confer standing).

Further, the state Supreme Court's decision in *Branson* does not change this Court's standing analysis. The *Branson* court did not address standing—neither federal nor statutory—but

---

[5] The Court notes that any time wasted in applying for a job without good faith is actually a self-inflicted harm.

ORDER GRANTING REMAND

- 7

answered the question: "What must a plaintiff prove to be deemed a 'job applicant' within the meaning of RCW 49.58.110(4)?" 2025 WL 2536266, at *1. The *Branson* decision clarifies that a plaintiff does not have to prove they are a "bona fide" or "good faith" applicant to qualify as a "job applicant" that can sue to obtain remedies under the statute. *Id.* But a plaintiff must still show an injury-in-fact for Article III purposes. *Spokeo II*, 867 F.3d at 1112. Mr. Spencer has failed to plead such an injury.

Swissport also contends that remand would be futile because Washington State courts employ a similar test to determine whether a party has standing. Opp'n 4-5 ("There is simply no meaningful difference between the injury in fact requirement for standing in federal and state court."). Swissport argues that this Court should dismiss the claims instead of remanding them. *Id.* at 6 (citing cases indicating that courts should dismiss if remand is certain to be futile). The Ninth Circuit has noted that there is a "narrow" exception to the general rule that a case must be remanded to the state court if it lacks subject matter jurisdiction—"if there is 'absolute certainty' that the state court would dismiss the action following remand." *Global Rescue Jets v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022). The Court is not convinced that there is an "absolute certainty" this case would be dismissed by the Washington state court for lack of standing.[6] The State court is a court of general, rather than limited, jurisdiction, and "the Washington Constitution places few constraints on superior court jurisdiction." *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 829 (2016). "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the

---

[6] Swissport's reliance on *Milito v. Meta Platforms, Inc.*, No. 25-2-13740-6 SEA (King Cnty. Super. Ct. Jan. 8, 2026) is misplaced. The Court reviewed the order and hearing transcript provided by Swissport and notes that Judge Ryan did not grant dismissal based on lack of standing. Additionally, Mr. Spencer cites multiple cases in which superior court judges also did not dismiss similar cases based on arguments that they lacked an injury-in-fact. *See* Reply 5-6.

ORDER GRANTING REMAND

- 8

matter. State courts are not bound by the constraints of Article III." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

Finally, this Court does not find it necessary to certify a question about Washington state standing to the Washington Supreme Court (as requested by Swissport, Opp'n 8). The answer to such a question is not outcome determinative under the circumstances presented here. Federal Article III standing is a mandatory jurisdictional hurdle that exists independently of the legal theory at issue; a federal court lacks the power to rule if the plaintiff cannot demonstrate standing. *See Warth*, 422 U.S. at 498. Because this Court has determined that Mr. Spencer does not have Article III standing, this Court lacks subject matter jurisdiction, and the case must be remanded pursuant to 28 U.S.C. § 1447(c). As such, this Court lacks subject matter jurisdiction to address the parties' additional arguments.

## V.  CONCLUSION

For the foregoing reasons:

1. Plaintiff's Motion to Remand, ECF No. 15, is GRANTED for lack of Plaintiff's Article III standing;

2. Defendants' Motion to Strike Class Allegations, ECF No. 12, is DENIED AS MOOT; and

3. This case is remanded to King County Superior Court.

DATED this 1st day of May 2026.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
United States District Judge

ORDER GRANTING REMAND

- 9